UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE AYERS,

                         Plaintiff,

       v.                                     DECISION AND ORDER
                                                   08-CV-69A

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                        Defendant.

      The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking a review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits. Both parties filed a motion for judgment on the pleadings.

      The matter was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1). On August 31, 2009, Magistrate Judge McCarthy issued a report and recommendation finding that the Administrative Law Judge ("ALJ") had properly assessed the plaintiff's credibility and his obesity, but that the ALJ had erred in rejecting the opinion of Dr. Pretorius, the plaintiff's treating physician, without first seeking to recontact him to clarify the basis of his opinion. Therefore, Magistrate Judge McCarthy recommended that the matter be referred back to the Commissioner to recontact Dr. Pretorius for clarification of his

assessment.

The Commissioner filed limited objections to the Magistrate Judge's report and recommendation, and the plaintiff filed a response. This Court heard oral argument on November 2, 2009. For the reasons stated, the Court adopts Magistrate Judge McCarthy's recommendation in part. Specifically, the Court adopts Magistrate Judge McCarthy's determination that the ALJ properly assessed plaintiff's credibility and obesity, and properly concluded that plaintiff could perform light work with certain limitations. However, the Court declines to accept Magistrate Judge McCarthy's determination that the ALJ had a duty to recontact plaintiff's treating physician, Dr. Pretorius, and finds that substantial evidence exists on the existing record to show that plaintiff was not disabled. Accordingly, the Court grants the Commissioner's motion for judgment on the pleadings and denies plaintiff's cross-motion for judgment on the pleadings.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon such *de novo* review and upon reviewing the submissions of the parties and hearing argument by counsel, the Court hereby adopts that portion of Magistrate Judge McCarthy's recommendation that finds that the ALJ properly assessed plaintiff's credibility and his obesity, but declines

2

to adopt Magistrate Judge McCarthy's recommendation that the matter be remanded to the Commissioner for him to recontact Dr. Pretorius. As the Commissioner correctly observes, the duty to recontact a treating physician arises only where the information received is inadequate for the ALJ to determine whether plaintiff is disabled, or where the record contains gaps in the medical history. The applicable regulation provides:

> (e) ***Recontacting medical sources****. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled,* we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> > (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

20 C.F.R. 404.1512(e)(emphasis added).

Although the ALJ has an affirmative duty to develop a complete medical

history and to gather such information as may be necessary to render a disability decision, *see DeChirico v. Callahan*, 134 F.3d 1117, 1184 (2d Cir. 1998), where, as here, the particular treating physician's opinion that is at issue is unsupported by any medical evidence and where the medical record is otherwise complete, there is no duty to recontact the treating physician for clarification. Only if the ALJ cannot determine whether a claimant is disabled based upon existing evidence does the duty to recontact arise. *See Rosa v. Callahan*, 168 F.3d 72, 79, n.5 (2d Cir. 1999)("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim.")(citing *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)) .

In this case, the ALJ was able to decide the case based upon the existing record. The ALJ explicitly considered Dr. Pretorius's opinion but concluded that it was inconsistent with the evidence in the administrative record, including the opinions of Drs. Kelly, Dina, the physician at General Motors and plaintiff's own testimony at the hearing that he could sit for 8 hours. As the Second Circuit has stated, "[g]enuine conflicts in the medical evidence are for the for the commissioner to resolve." *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). The fact that the record does not support the treating physician's opinion does not mean that there are administrative gaps in the record triggering a duty to recontact. *Rebull v. Massanari*, 240 F. Supp.2d 265, 272 (S.D.N.Y. 2002).

4

Because the administrative record adequately and completely reflected plaintiff's medical history, there was no duty to recontact Dr. Pretorius for clarification of his medical opinion.

Nor does the Court agree that the ALJ improperly substituted his own opinion for the medical opinion of Dr. Pretorius. Rather, the ALJ simply relied on the medical opinions of other physicians who opined that plaintiff's impairments related primarily to his carpal tunnel syndrome. Other than Dr. Pretorius' unsupported and conclusory opinion that plaintiff could not sit for an eight-hour day, the record was completely devoid of any evidence limiting plaintiff's ability to sit, stand or walk. Under those circumstances an in light of other medical evidence supporting the ALJ's determination that plaintiff could perform light work with certain limitations, and that there existed a significant number of jobs in the national economy that plaintiff could perform even given those limitations, there was substantial evidence to support the ALJ's conclusion that plaintiff was not disabled.

## **CONCLUSION**

For the reasons stated, the Court grants the Commissioner's motion for judgment on the pleadings and denies plaintiff's cross-motion for judgment on the pleadings. The Clerk of Court shall take all steps necessary to close the case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: December 7, 2009